IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HELEN J. GOLD, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 17-582 |
| v. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

# ORDER

**AND NOW**, this 4th day of February, 2019, after considering the complaint (Doc. No. 3), the answer (Doc. No. 9), the administrative record (Doc. No. 10), the plaintiff's brief in support of her request for review (Doc. No. 11), the defendant's response to the request for review (Doc. No. 12), the plaintiff's reply to the defendant's response (Doc. No. 14), and the report and recommendation filed by United States Magistrate Judge David R. Strawbridge (Doc. No. 15); and no party having filed objections to the report and recommendation; accordingly, it is hereby **ORDERED** as follows:

1. The clerk of court is **DIRECTED** to return this matter to the court's active docket;

2. The report and recommendation (Doc. No. 15) is **APPROVED** and **ADOPTED**;[1]

---

[1] Since neither party filed objections to Magistrate Judge Strawbridge's report and recommendation, the court need not review the report before adopting it. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). Nonetheless, "the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Id.* As such, the court will review the report for plain error. *See Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, . . . this Court will review [the magistrate judge's] Report and Recommendation for clear error." (internal quotation marks omitted)). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court has reviewed Magistrate Judge Strawbridge's report for plain error and has found none.

    That said, the court would like to more clearly address the plaintiff's argument that her past work did not constitute substantial gainful activity ("SGA"). Magistrate Judge Strawbridge explained, "[a]lthough [the plaintiff] indisputably earned less than the threshold [from the SGA Earnings Guidelines] for 2003, 2004, and 2005, she earned more than the presumptive threshold for 2002. Her average monthly earnings in 2002, which exceeded the $780 threshold, establish a rebuttable presumption of SGA." *See* R. & R. at 10–11 (citations omitted), Doc. No. 15. The court agrees with Magistrate Judge Strawbridge's analysis, and neither of the plaintiff's arguments on this point support a contrary conclusion.

3. The plaintiff's request for review is **DENIED**;

4. The final decision of the Commissioner is **AFFIRMED**; and

5. The clerk of court shall mark this case as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

First, the plaintiff argues that she had the highest income in 2005, with an average income of either $815 per month (if considered over twelve months of the year) or $1,086 per month (if considered over the nine months of the school year). Both of those numbers are lower than the 2005 SGA earnings level of $1,380, and the plaintiff argues her past employment therefore did not constitute SGA. *See* Pl.'s Brief and Statement of Issues in Support of Her Request for Review at 4–5 ("Pl.'s Brief"). The plaintiff ignores that the SGA earnings level was lower in 2002, and—as Magistrate Judge Strawbridge correctly determined—her average monthly salary for that year exceeded that lower level. *See* R. & R. at 10–11.

Second, the plaintiff argues that her past employment was not SGA because her "earnings, averaged over the lifetime of her job, were substantially below substantial gainful activity level." *See* Pl.'s Brief at 5. Although the plaintiff is correct that 20 C.F.R. § 404.1574a(a) establishes that an individual's earnings are averaged "over the entire period of work requiring evaluation," § 404.1574a(b) clarifies that "for work over a period of time during which the substantial gainful activity earnings levels change, we will average your earnings separately for each period in which a different substantial gainful activity earnings level applies." Because the SGA levels change every year, both the ALJ and Magistrate Judge Strawbridge were correct to consider the plaintiff's monthly average income on a year-by-year basis. *See* Soc. Sec. Admin., Substantial Gainful Activity, https://www.ssa.gov/oact/cola/sga.html (last visited Feb. 4, 2019). Thus, the plaintiff's argument that the court should consider the average of her earnings over her full period of work, without regard to the changing SGA levels throughout that time, is unavailing.